RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
Yael.Bortnick@usdoj.gov

*Of Counsel:*
BRIAN T. MORAN
United States Attorney

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR DITTO,<br><br>Defendant. | Case No. 3:19-cv-5792<br><br>**COMPLAINT FOR RECOVERY OF CIVIL PENALTIES** |

Plaintiff, the United States of America ("United States"), pursuant to 31 U.S.C. § 3711(g)(4)(C)), brings this timely action to collect from the defendants outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as an FBAR penalty, which were assessed against Arthur Ditto, for his willful failure to timely report his financial interest in, and/or his signatory authority over, foreign bank accounts for the 2005 through 2012 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties

and interest, having a total balance due to the United States of America of $3,965,778.00 as of August 29, 2017. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States alleges as follows:

**DEFENDANT**

1. Defendant Arthur Ditto ("Mr. Ditto") was a United States citizen at all times relevant to the assessment of the outstanding liabilities at issue in this action. Mr. Ditto resides in Gig Harbor, Washington.

**JURISDICTION AND VENUE**

2. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper under 28 U.S.C. § 1391(b)(1) because Mr. Ditto resides in this district, and venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**LEGAL AUTHORITY FOR FBAR PENALTY**

4. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a person must file a Form TDF 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue,

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

the FBAR was due no later than June 30 of the following calendar year. 31 C.F.R. § 1010.306(c).

6. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the reporting requirements of 26 U.S.C. § 5314. Specifically, section 5321(a)(5)(C) provides for a penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

7. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**DEFENDANT'S FAILURE TO REPORT**
**HIS INTEREST IN FOREIGN FINANCIAL ACCOUNTS**

8. Mr. Ditto is originally from Canada. He moved to the United States in 1961 and became a naturalized U.S. citizen in or around 1979.

9. From in or around 1982 to 1993, Mr. Ditto was President, CEO, and Board Chairman of Plexus Resources Corporation. Following a merger in 1993 through approximately 2005, Mr. Ditto was the President, Chief Operating Officer, and a director of Kinross Gold Corporation ("Kinross"), and President and Chief Executive Officer of Kinross Gold U.S.A, which was the operating subsidy for all United States operations.

10. While President and CEO of Kinross, Mr. Ditto explored the possibility of opening a mine in the Democratic Republic of Congo (formerly known as Zaire).

11. Mr. Ditto formed a joint venture, called Kinross Forrest Limited, with Kinross and the Forest Group to give legitimacy to the project, but with the understanding that Mr. Ditto would ultimately purchase Kinross's interest in the mine. Kinross owned 60% of Kinross Forrest Limited and the Forest Group owned the remaining 40%.

12. Kinross Forest Limited owned 75% of the mine and the Democratic Republic of Congo owned the remaining 25%.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719











13. In or around 2004, Mr. Ditto set up "Balloch," a Bermuda foreign shell corporation, which acquired Kinross's ownership interest in Kinross Forrest Limited.

14. The Challis Trust is a foreign irrevocable discretionary trust that was created in the Bailiwick of Jersey ("Jersey") in 1996.

15. The Challis Trust was created in Jersey because Mr. Ditto believed Jersey has a special status that makes it attractive as a domicile for banking.

16. Mr. Ditto placed 50,000 Balloch shares in the Challis Trust in or around November 2005. The shares were deposited to account XXX-XXXXX3-159 at RBC Dexia Investor Services nominally titled in the name of York Investments Ltd c/o Middlemarch Partners Ltd ("York"). York is a foreign shell corporation that was set up in Anguilla in June1996 to manage the associated foreign bank account owned by the Challis Trust.

17. Mr. Ditto placed his Balloch shraes in the Challis Trust because he wanted to have "a separation" to protect himself from liability for his business activity in Africa.

18. The beneficiaries of the Challis Trust were Mr. Ditto, Elena Gail McCallum (Mr. Ditto's wife), and Mr. Ditto's four sons.

19. On July 21, 2005, Mr. Ditto received a distribution for 50,000 Canadian dollars from the Challis Trust.

20. On March 17, 2006, Mr. Ditto created the Keswick Trust as a successor to the Challis Trust. Mr. Ditto is the sole trustee of the Keswick Trust.

21. The beneficiaries of the Keswick Trust are Mr. Ditto, Gail McCallum, Mr. Ditto's four sons, and the Arthur H. Ditto Family Foundation.

22. On August 8, 2007, all assets of Challis Trust were transferred to the Keswick Trust. The total assets transferred were $1,440,519.16. The assets primarily came from Mr. Ditto's Balloch shares and commission income from Kinross.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

23. The Keswick Trust held foreign bank accounts in the name of Tain Holdings Ltd Ltd c/o Middlemarch Partners Ltd ("Tain"). Tain is a foreign shell corporation set up to manage the associated foreign bank accounts owned by the Keswick Trust.

24. Tain was incorporated in the British Virgin Islands in 2004.

25. Mr. Ditto requested and received funds from the Keswick Trust when needed. In July 2011, Mr. Ditto received a $400,000 loan from the Keswick Trust.

26. Mr. Ditto was actively involved in the investment decisions of the Keswick Trust.

27. Mr. Ditto filed timely FBARs for calendar years 2005 through 2012 that listed his personal foreign accounts, but omitted the Challis Trust and the Keswick Trust's foreign accounts, which were nominally titled in the names York and Tain, respectively.

28. In addition to his personal foreign accounts, in the years 2005 through 2012, Mr. Ditto had a financial interest in and signatory authority over foreign bank accounts, in various countries, as described below:

| Name on Account | Account Number | Name of Bank | Location of Bank | Years Interest Held |
|---|---|---|---|---|
| Tain[1] | 01XXX/XX0823 | Deutsche Bank | Jersey | 2005-2010 |
| Tain[2] | 02XXX/XX0823 | Deutsche Bank | Jersey | 2005-2010 |
| York | XXX-XXXXX3-159 | RBC Dexia Investor Services | Canada | 2005-2008 |
| Tain | 01XXXXXXX23/01 | Deutsche Bank | Jersey | 2008-2010 |
| Tain | 02XXXXXXX23/02 | Deutsche Bank | Jersey | 2008-2010 |
| Tain | XXX-XXXXX3-369 | RBC Dexia Investor Services | Canada | 2008-2011 |
| Tain | XXX-XXXXX3-370 | RBC Dexia Investor Services | Canada | 2010-2011 |
| Tain | XX1778 | Compagnie Monesgasque de Banque | Monaco | 2011-2012 |

[1] This bank account was originally titled in the name of Whitmill Trust Co Limited RE Tain Holdings ltd. The name was changed in 2008 to Tain Holdings Ltd C/O Middlemarch partners Ltd.

[2] This bank account was originally titled in the name of Whitmill Trust Co Limited RE Tain Holdings ltd. The name was changed in 2008 to Tain Holdings Ltd C/O Middlemarch partners Ltd.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

29. On December 24, 2013, Mr. Ditto was accepted into the 2012 Offshore Voluntary Disclosure Program ("OVDP"), and he admitted he was the beneficial owner of the bank accounts listed in the chart in paragraph 29.

30. The OVDP is an IRS program that offers taxpayers with undisclsosed income an opportunity to become current with their tax returns. As part of the OVDP, Mr. Ditto filed amended FBARs for the 2005 through 2012 calendar years that included the previously omitted trust accounts listed in the chart in paragraph 29. Mr. Ditto also filed Forms 1040X ("Amended U.S. Individual Income Tax Return"), admitting he failed to report taxable income that had been concealed in the undisclosed foreign accounts listed in the chart in paragraph 29 in each of the 2005-2012 tax years.

31. In the delinquent FBARs, Mr. Ditto reported that the aggregate maximum U.S. dollar value of his interest in the foreign accounts (otherwise referred to as the "highest account balance") exceeded $10,000 at all relevant times.

32. Mr. Ditto was removed from the OVDP in June 2016 for failure to cooperate because he failed to fully respond to IRS Information Document Requests.

33. After Mr. Ditto was removed from the OVDP, the IRS conducted examinations of Mr. Ditto's FBAR obligations for calendar years 2005 through 2012. Based on the examination, Mr. Ditto was assessed civil penalties for his willful failure to report his interest in the foreign financial accounts listed in the chart in paragraph 29 for the 2005-2012 calendar years.

## CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTY

***Liability for the Civil Penalties***

34. During the 2005 through 2012 calendar years, Mr. Ditto was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

35. During the 2005 through 2012 calendar years, Mr. Ditto had a financial interest in the foreign accounts listed in the chart in paragraph 29 and/or signatory authority over the foreign accounts, within the meaning of 31 C.F.R. § 1010.350(f).

36. The foreign accounts listed in the chart in paragraph 29 were bank accounts in a foreign country.

37. For each of the years 2005 through 2012, the balance of the foreign accounts listed in the chart in paragraph 29, individually and/or collectively, exceeded $10,000.

38. Mr. Ditto failed to file FBARs with regard to the 2005 through 2012 calendar years that disclosed his interest in each of the foreign accounts listed in the chart in paragraph 29 on or before each of the applicable deadlines, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

39. The failure of Mr. Ditto to timely file FBARs that disclosed each of his foreign accounts listed in the chart in paragraph 29 with regard to the 2005 through 2012 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

***Assessment and Collection of the Civil Penalty***

40. On August 29, 2017, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Ditto, due to the willful failure of Mr. Ditto to disclose the foreign accounts listed in the chart in paragraph 29 to the IRS ("FBAR Penalty") for each of the years 2005 through 2012. The total penalty amount that the United States seeks to reduce to judgment is $3,965,778.00 as of August 29, 2017.

41. The assessments of the FBAR penalties was timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for the assessment of an FBAR penalty is six years. On November 12, 2015, Mr. Ditto's counsel signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2005 through 2012 years until December 31, 2017. On March 31, 2017, Mr. Ditto's counsel signed a consent to extend the time to assess the civil

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

penalties under 31 U.S.C. § 5321 for the 2005 through 2012 years until December 31, 2018. The FBAR penalties for the 2005 through 2012 years were timely assessed on August 29, 2017.

42. A delegate of the Secretary of Treasury sent Mr. Ditto notice of the assessment of the FBAR Penalties and demand for payment.

43. Despite notice and demand for payment, Mr. Ditto has failed to pay the penalties assessed against him with respect to his willful failure to file an FBAR for the 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012 calendar years.

44. In addition to the FBAR Penalties, Mr. Ditto, owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and 31 Code of Federal Regulations § 5.5(a), and interest according to law.

45. Mr. Ditto is liable to the United States of America for the FBAR Penalty, as well as associated penalties and interest, in the total amount of $3,965,778.00 as of August 29, 2017, plus statutory accruals from that date until the liability is paid in full.

46. This is a timely civil action to collect the FBAR Penalty, and the associated penalties and interest under 31 U.S.C. § 5321(b)(2).

WHEREFORE, the United States of America demands that this Court:

A. Enter judgment in favor of the plaintiff, United States of America, and against Arthur Ditto with regard to the 2005, 2006, 2007 2008, 2009, 2010, 2011, and 2012 calendar year reporting periods, as well as associated penalties and interest, in the total amount of $3,965,778.00 as of August 29, 2017, plus statutory accruals from that date until fully paid; and

B. Award the United States of America its costs and such other further relief as the Court deems just and proper.

//

//

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

DATED this 27th day of August, 2019.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Yael Bortnick*
YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6632 (v)
202-307-0054 (f)
yael.bortnick@usdoj.gov

Of Counsel:
BRIAN T. MORAN
United States Attorney

*Attorneys for the United States*

Complaint for Recovery of Civil Penalties
(Case No. 3:19-cv-5792)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-305-3719

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Yael Bortnick,US Dept. of Justice, PO Box 682, Ben Franklin Station, Washington, DC 20044; 202-514-6632

## DEFENDANTS

Arthur Ditto

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- ❒ 3 Federal Question *(U.S. Government Not a Party)*
- ❒ 2 U.S. Government Defendant
- ❒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury
- ❒ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ❒ 365 Personal Injury - Product Liability
- ❒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 440 Other Civil Rights
- ❒ 441 Voting
- ❒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ❒ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ❒ 463 Alien Detainee
- ❒ 510 Motions to Vacate Sentence
- ❒ 530 General
- ❒ 535 Death Penalty

Other:
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition
- ❒ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Management Relations
- ❒ 740 Railway Labor Act
- ❒ 751 Family and Medical Leave Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ❒ 462 Naturalization Application
- ❒ 465 Other Immigration Actions

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 835 Patent - Abbreviated New Drug Application
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ❒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 375 False Claims Act
- ❒ 376 Qui Tam (31 USC 3729(a))
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 485 Telephone Consumer Protection Act
- ❒ 490 Cable/Sat TV
- ❒ 850 Securities/Commodities/ Exchange
- [X] 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 893 Environmental Matters
- ❒ 895 Freedom of Information Act
- ❒ 896 Arbitration
- ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❒ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from Another District *(specify)*
- ❒ 6 Multidistrict Litigation - Transfer
- ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
31 U.S.C. § 5321

Brief description of cause:
Recovery of penalty for failure to report foreign bank account

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 3,965,778.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
08/27/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Yael Bortnick

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

| | | |
|---|---|---|
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify)*:
.

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc: